IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE: DEBRA GUYTON : | |
|        DEBTOR : | ADVERSARY NO.:_____ |
| : | |
| DEBRA GUYTON, : | Case Number: 17-51905 |
|        Plaintiff, : | |
| v. : | |
| First Franklin, Aarons Sales & Lease, : | |
| Advance Bureau of Collections, : | |
| American Infosource, AmeriNational : | |
| Community Services, AmeriNational, : | |
| Capital One, City of Macon E&CDD, : | |
| Consumer Portfolio Services, Credit First : | |
| National Association, Federal Loan : | |
| Servicing, Fingerhut, Georgia Natural : | |
| Gas, Midland Funding, Navient Solutions,: | |
| LLC, Sallie Mae, Santander Consumer : | |
| USA, Navient, U.S. Department of : | |
| Education, U.S. Department of Housing : | |
| and Urban Development, Veritas : | |
| Instrumental Rental, VISA Department : | |
| Store National Bank/Macy's, Wells Fargo : | |
| Home Mortgage, Wells Fargo Bank, N.A. : | |
| World Finance, Corp c/o World Finance : | |
|        Defendants. | |

**DEBTOR'S COMPLAINT TO EXTEND OR REINSTATE
THE AUTOMATIC STAY UNDER U.S.C. § 362**

Comes now, the debtor, Debra Guyton, by and through the undersigned attorney, and shows the Honorable Court as follows:

**1.**

The debtors filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on September 1, 2017.

**2.**

The standing Chapter 13 Trustee in this case is Camille Hope.

**3.**

This is a core proceeding as that term is defined by 28 U.S.C. § 157(b)(2)(A). Further, the Court has jurisdiction to determine the issues in this case pursuant to 11 U.S.C. § 362 of the United States Bankruptcy Code.

**4.**

Debtor had a previous case, number 15-52449, which was dismissed on July 25, 2017, within a year of filing of this current case. The previous case was dismissed because the debtor required surgery which caused the debtor to get behind in her Chapter 13 payments.

**5.**

Debtor has recovered from her surgery and debtor debtors' believe that she has sufficient income to make her Chapter 13 payments and cover their living expenses.

**6.**

Attorney of the debtor recently learned that a Motion to Extend Automatic Stay had not been filed and the 30 day deadline to file said Motion had expired.

**7.**

To the knowledge of the debtor, no collections actions of any variety have been commenced that would be in violation of an Automatic Stay. Hence, no creditors would be unfairly prejudiced.

**8.**

Debtor may suffer irreparable harm if this Motion is not granted.

WHEREFORE, Debtor moves this Honorable Court to:

(a)  find that the instant case is filed in good faith;

(b)  extend or reinstate the Automatic Stay for the life of the Debtor's Chapter 13 Plan until discharge or dismissal or, under further Order of this Honorable Court; and

(c)  for such other further relief as this Court deems just and proper.

This 11th day of October, 2017.

/s/ J. Roger Davis, Sr.
J. Roger Davis, Sr.
Attorney for Debtor/Plaintiff
State Bar No.: 141985
433 Cherry Street, Suite A
Macon, Georgia, 31201
(478)741-5973